UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN COLLINS,

    Petitioner,

        v.           CAUSE NO. 3:20-CV-372-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Brian Collins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-00-5-90)) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession or use of a weapon in violation of Indiana Department of Correction Offense 107. Following a disciplinary hearing, on May 9, 2000, he was sanctioned with a loss of one year of earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Collins argues that he is entitled to habeas relief because he was mentally incompetent during his disciplinary hearing without a psychologist to assist him and because he did not have an opportunity to appeal. The right to mental competence or a psychologist at the hearing and the right to administrative appeal are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the

United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Further, in the context of prison disciplinary proceedings, the Seventh Circuit Court of Appeals has specifically noted that "[m]entally ill inmates are not constitutionally guaranteed heightened procedural protections," *James v. Pfister*, 708 Fed. Appx. 876, 879 (7th Cir. 2017), and that "[d]ue process in this context does not include a right to submit further evidence on appeal." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Therefore, Collins' claims are not a basis for habeas relief.

Nevertheless, the court notes Collins' representation that "[t]he state did not test or supply a trained professional to assist me in comprehending these processes." While Collins was not entitled to assistance from a psychologist or any other trained professional, he may have been entitled to some level of assistance for the purpose of navigating his disciplinary proceedings. "Where an illiterate inmate is involved, however, or whether the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff*, 418 U.S. at 570. In light of his status as a pro se litigant, the court will grant Collins the opportunity to clarify whether he intended to focus his claim on the lack of professional assistance or whether he intended to assert a broader claim regarding the lack of any assistance.

For these reasons, the court:

(1) GRANTS Brian Collins until September 23, 2020, to clarify his claim for habeas relief as set forth in this order; and

(2) CAUTIONS Brian Collins that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED on August 27, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT