UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN COLLINS,

    Petitioner,

    v.      CAUSE NO. 3:20-CV-372-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Brian Collins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-00-5-90)) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession or use of a weapon in violation of Indiana Department of Correction Offense 107. Following a disciplinary hearing, on May 12, 2000, he was sanctioned with a loss of one year of earned credit time and a demotion in credit class.

In the petition, Collins argues that he is entitled to habeas relief because he was mentally incompetent during his disciplinary hearing without a psychologist to assist him and because he did not have an opportunity to appeal. He also contends that he asked for a lay advocate but did not receive one. The Warden responds that the court should dismiss the petition as untimely. The statute of limitations for filing a habeas petition to challenge State court convictions under 28 U.S.C. § 2241(d)(1) does not apply to prison disciplinary proceedings. *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). "[T]he only limitation is the equitable principle of laches codified in Rule 9(a) of the

Rules Governing Section 2254 Cases in the United States District Courts." *Id.* "Unlike a statute of limitations, application of the doctrine of laches requires a showing that the petitioner's delay was not only unreasonable but also prejudicial to his opponent." *Id.*

Collins filed this habeas petition on May 8, 2020, but offers no explanation as to why he waited twenty years to initiate this case. Though Collins alleges that he was mentally incompetent at the time of the disciplinary hearing, he also attests that he has since became a legal liaison, that he has trained as a civil litigation specialist, and that he is no longer diagnosed as severely mentally ill. ECF 1 at 5. The Warden further notes that the passage of time has substantially limited their ability to defend this case because none of the correctional staff associated with the disciplinary proceedings remain employed with the State of Indiana. The administrative record contains a signed statement from another inmate who represented that Collins was coherent at the disciplinary hearing. ECF 11-6. The Warden advises that that inmate remains within the custody of the Indiana Department of Correction but notes that this inmate, while available, would be unlikely to recall specific details from another inmate's disciplinary hearing that took place twenty year ago. On this record, the court concludes that the doctrine of laches applies because Collins' delay in initiating this case was both unreasonable and prejudicial to the Warden and dismisses the petition as untimely.

The Warden also argues that the court should dismiss the petition because Collins has procedurally defaulted his claims. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. To avoid procedural default," a habeas petitioner must fully and fairly present his federal claims

to the state courts." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Collins concedes that he did not administratively appeal the disciplinary hearing. Given the nature of his claims, the court will consider whether it should excuse procedural default because the hearing officer did not advise him of his right to appeal and did not assign someone to assist him with his appeal. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Collins was not entitled to individualized notice of his right to submit an administrative appeal from the hearing officer, nor was he entitled to the assistance of another individual for purposes of such an appeal. *See Wolff v. McDonnell*, 418 U.S. 539 (1974) (listing requirements for procedural due process in prison disciplinary proceedings). Consequently, the court cannot find that Collins' alleged inability to pursue an administrative appeal on his own qualifies as an external factor that would excuse his procedural default. *See Coleman v. Thompson*, 501 U.S. 722,

754 (1991) (procedural error that may have been prevented by State assistance cannot be imputed to the State as an external cause absent a legal duty to provide it).

Further, the lack of assistance from a psychologist for a disciplinary hearing and the inability to access the administrative appeal process are not cognizable bases for habeas relief. The right to mental competence determination or a psychologist at the hearing and the right to administrative appeal are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff*, and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White*, 266 F.3d at 768 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Further, in the context of prison disciplinary proceedings, the Seventh Circuit Court of Appeals has specifically noted that "[m]entally ill inmates are not constitutionally guaranteed heightened procedural protections," *James v. Pfister*, 708 Fed. Appx. 876, 879 (7th Cir. 2017), and that "[d]ue process in this context does not include a right to submit further evidence on appeal." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999).

Additionally, even if Collins had asserted a violation of a constitutional right recognized by the Supreme Court or the Seventh Circuit, his assertions are not credible. Significantly, he attests that he has no recollection of the disciplinary proceedings due to his mental condition (ECF 1 at 4), and he offers no other evidence to corroborate his claims that correctional staff neglected to advise him of his right to appeal and declined to offer him assistance with the disciplinary proceedings. Moreover, the administrative record contains statements of four correctional officers who witnessed the offense and a photograph of the shank that was the subject of the conduct report. ECF 11-1; ECF 11-2;

ECF 11-3. On this administrative record, it is unclear how legal assistance or completion of the administrative appeal process would have affected the outcome of the disciplinary hearing, or how the alleged violations would have otherwise constituted more than harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same).

Because Collins has not asserted a valid claim for habeas relief, the habeas petition is denied. If Collins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Brian Collins leave to proceed in forma pauperis on appeal.

SO ORDERED on June 21, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT